Case 1:21-cr-00791-LAK Document 14-1 Filed 12/02/22 Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/8/22

United States of America

v.

Quashon Burton,

       *Defendant.*

Protective Order

21 Cr. 791 (LAK)

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Sensitive Material.** The Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), as a courtesy, or pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and/or impeachment material in a criminal case. Certain of that material may include that which (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

**Highly Sensitive Material.** Certain discovery materials in this case may raise a heightened risk to the privacy and confidentiality of individuals or to an ongoing investigation of uncharged individuals. Discovery materials produced by the Government to the defendant or his counsel that

are either (1) designated in whole or in part as "Highly Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Highly Sensitive," shall be deemed "Highly Sensitive."

**Attorney's Eyes Only ("AEO") Material.** Certain discovery materials in this case may raise a particular risk of impeding the Government's ongoing investigation of uncharged individuals because it allows for identification of those uncharged individuals. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "AEO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "AEO," shall be deemed "AEO Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Sensitive Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (the "defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Material to the media or any third party except as set forth below.

2. Sensitive Material may be disclosed by counsel to the following persons ("Designated Persons"):

2

a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;[1]

b) Prospective witnesses for purposes of defending this action;

c) The defendant; and

d) Such other persons as hereafter may be authorized by the Court.

3. The restrictions on Highly Sensitive Material are the same as Sensitive Material, except that Highly Sensitive Material may only be disclosed to the defendant for review at the offices of defense counsel, or in the presence of defense counsel or any member of the defense team (*e.g.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), for purposes related to this case. The defendant shall not maintain, retain, or keep copies of any records containing Highly Sensitive Material outside of the offices or presence of defense counsel. Highly Sensitive Material may otherwise be disclosed to Designated Persons consistent with the terms of Sensitive Material.

4. The restrictions on AEO Material are the same as Highly Sensitive Material, except that AEO Material shall not be disclosed to or possessed by the defendant, and may only be disclosed to defense counsel and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action. AEO Material may be reviewed by and discussed among defense counsel for different co-defendant, as well as personnel for whose conduct counsel is responsible.

---

[1] Defense counsel need not disclose to the Government a list of persons for whom they are responsible.

3

5. The Government may authorize, in writing, disclosure of Sensitive Material, Highly Sensitive Material, or AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any Sensitive Material, Highly Sensitive Material, or AEO Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and this District's ECF Privacy Policy.[2]

7. If any dispute should arise between the parties to this action as to whether any documents, materials, or other information is Sensitive Material, Highly Sensitive Material, and/or AEO Material subject to the provisions of this Order, the parties shall seek resolution of such dispute by the Court. Until the Court has decided the issue, the Government's designation shall apply.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

9. Except for Sensitive, Highly Sensitive, and AEO Material that has been made part of the record of this case, and subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct, all documents subject to this Order must be securely destroyed or returned to the Government's attorneys at such time as they are not needed in this action, at the

---

[2] *See* United States Court for the Southern District of New York, *Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Filings*, https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf (last visited Oct. 4, 2022).

4

end of the criminal proceedings (including any direct appeal, and related applications under 28 U.S.C. § 2255 or any other collateral relief filed within one year of final judgment), or upon order of the Court, whichever occurs first.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense intends to disclose Sensitive Material, Highly Sensitive Material, or AEO Material.  All such persons shall be subject to the terms of this Order if they thereafter review such material.  Defense counsel shall maintain a record of what Sensitive Material, Highly Sensitive Material, or AEO Material has been disclosed to which such persons.

[INTENTIONALLY LEFT BLANK]

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *Ashley C. Nicolas*　　　　　　　　　Date: 12/2/2022
Ashley C. Nicolas
Assistant United States Attorney

*[signature]*　　　　　　　　　　　　　　Date: 11/28/22
Harvey Fishbein, Esq.
Attorney for Quashon Burton

　　　　　　　　　　　　　　　　　　　Date: _____
Lauren Di Chiara, Esq.
Attorney for Quashon Burton

SO ORDERED:

Dated: New York, New York
　　　　_____, 2022

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　THE HONORABLE LEWIS A. KAPLAN
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

6

## Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *Ashley C. Nicolas*  Date: 12/2/2022
Ashley C. Nicolas
Assistant United States Attorney


_____  Date: _____
Harvey Fishbein, Esq.
Attorney for Quashon Burton


*Lauren Di Chiara*  Date: 11.28.2022
Lauren Di Chiara, Esq.
Attorney for Quashon Burton

SO ORDERED:

Dated: New York, New York
       12/8, 2022

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

6